UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**Nicholas R. Cote**

    v.                                            Case No. 24-cv-75-PB-AKJ
                                                 Opinion No. 2025 DNH 030

**State of Rhode Island, et al.**

## MEMORANDUM AND ORDER

Nicholas Cote[1] has sued the State of Rhode Island, the Chief Justice of the Rhode Island Supreme Court, the Chief Judge of the Rhode Island District Court, and the Administrators of the Rhode Island Supreme Court and District Court. He sued the individual defendants in their official capacities. He alleges in Count I that the defendants violated the self-care provision of the Family and Medical Leave Act (FMLA). He charges in Counts II and III that defendants violated the Rhode Island Fair Employment Practices Act (FEPA). In Count IV, he contends that the defendants violated Rhode Island's Whistleblowers Protection Act (WPA). The defendants have

---

[1] Cote is now deceased. Upon his death, the defendants filed motions to dismiss the case for failure to substitute the plaintiff. See Doc. 37; Doc. 38. In response, Cote's estate moved to extend the time to seek substitution. See Doc. 41. Because I grant the defendants motion to dismiss the complaint on jurisdictional grounds, the issue of substitution is moot. Accordingly, I deny the defendants' motion to dismiss for failure to substitute. See Doc. 37; Doc. 38. I also deny the plaintiff's pending motions to extend time to substitute. See Doc. 41.

filed a motion to dismiss contending that the plaintiff's claims are barred by the Eleventh Amendment of the United States Constitution.

## I.  STANDARD OF REVIEW

Defendants have mounted a facial challenge to the court's subject matter jurisdiction. Accordingly, I address defendants' motion under Federal Rule of Civil Procedure 12(b)(1). Under that standard, I assume that the complaint's well-pleaded allegations are true and construe those allegations in the light most favorable to the plaintiff. See Cebollero-Bertran v. P.R. Aqueduct and Sewer Auth., 4 F.4th 63, 69 (1st Cir. 2021).

## II.  ANALYSIS

The Eleventh Amendment deprives federal courts of jurisdiction over claims against a state brought by citizens. Tennessee v. Lane, 541 U.S. 509, 517 (2004) (recognizing that Eleventh Amendment immunity protects states from suits brought by their own citizens as well those of other states and countries). A federal court, therefore, cannot adjudicate a claim brought by a citizen against a state unless Congress has validly abrogated Eleventh Amendment immunity or the state has waived its immunity. Kentucky v. Graham, 473 U.S. 159, 169 (1985). The Eleventh Amendment also applies to

claims against defendants sued in their official capacity as representatives of the state.² Id.

The defendants have moved to dismiss Cote's complaint on the grounds that the state is immune from federal review of his claims. Accordingly, I evaluate each of Cote's claims against the state in its own right to determine whether the defendants are immune from suit. Finding that the Eleventh Amendment bars all of the plaintiff's claims, I grant the defendants' motion to dismiss.

A.   **FMLA Claim**

The FMLA entitles eligible employees to twelve annual weeks of unpaid leave for specific reasons, including, among others, "a serious health condition that makes the employee unable to perform the functions of [his]

---

² When, as here, a complaint names several state officers as defendants, I must look to the real, substantial party in interest to determine whether the defendants are immune from suit. See Lewis v. Clarke, 581 U.S. 155, 161-62 (2017); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984). In this case, the real party in interest is the State of Rhode Island because Cote names all parties in their official capacities as officers of the state and seeks his remedy from the state itself. As such, I evaluate the complaint and its constituent claims as claims brought against the state and refer to the defendants collectively as "the state." See, e.g., Albiston v. Me. Com'r of Hum. Servs., 7 F.3d 258, 259 n.1 (1st Cir. 1993).

position."[3] 29 U.S.C. § 2612(a)(1). Employers[4] are prohibited both from interfering with an employee's rights under the statute and for discriminating against an employee for opposing violations of the FMLA. Id. § 2615(a). To enforce the law, Congress created a private right of action for employees to sue their employers for violations of the statute in federal court. Id. § 2617(a)(2). Employees can bring FMLA claims either in law or equity. Id. § 2617(a)(1)(A)-(B).

Cote alleges that the Rhode Island courts interfered with his right to take leave under the self-care provision of the FMLA. See id. §§ 2612(a)(1)(D), 2615(a)(1). Cote seeks relief primarily in the form of damages. Doc. 1 at 13.

Cote's effort to recoup damages, though, cannot overcome established Supreme Court and First Circuit precedent holding that Congress did not validly abrogate Eleventh Amendment immunity when it attempted to subject states to liability for violations of the FMLA's self-care provision. In Laro v. New Hampshire, 259 F.3d 1, 16 (1st Cir. 2001), the First Circuit

---

[3] The protection of leave for employees with a "serious health condition," 29 U.S.C. §2612(a)(1)(D), is often referred to as the "personal care," "personal medical leave," or "self-care" provision of the FMLA.

[4] State governments do fall within the definition of "employer" under the FMLA. Congress included in its statutory definition of "employer" any "public agency." 29 U.S.C. § 2611(4)(A)(iii). A "public agency" is further defined to include "the government of a State or political subdivision thereof[.]" Id. § 203(x) (as cross-referenced in § 2611(4)(A)(iii)).

4

looked at whether there was an identified link between the self-care provision and a pattern of unconstitutional discrimination on the part of state employers. Id. After reviewing the record, including legislative history and the scope of the relevant discrimination at the federal level, the First Circuit concluded that the "personal medical leave provision of the FMLA does not exhibit a sufficient congruence to the prevention of unconstitutional state discrimination to validly abrogate the states' Eleventh Amendment immunity." Id.

Several years later, the Supreme Court also considered the question of whether states were immune to suit under the self-care provision of the FMLA and, in a plurality opinion, reached the same conclusion as the First Circuit. Coleman v. Ct. of Appeals of Md., 566 U.S. 30, 33 (2012). The Supreme Court made itself plain:

> To abrogate the States' immunity from suits for damages under §5 [of the Fourteenth Amendment], Congress must identify a pattern of constitutional violations and tailor a remedy congruent and proportional to the documented violations. It failed to do so when it allowed employees to sue States for violations of the FMLA's self-care provision.

Id. at 43-44. Nothing in the record here suggests that there is any basis to distinguish this case from well-established First Circuit and Supreme Court precedent. As such, I conclude that the state is immune from suits seeking monetary damages for violations self-care provision of the FMLA.

5

Nor can Cote overcome the state's Eleventh Amendment immunity by seeking equitable relief. In both his complaint, Doc. 1 at 13-14, and in his objections to the defendants' motion to dismiss, Doc. 29-1 at 8-10; Doc. 31-1 at 8-10, Cote asks for injunctive and declaratory relief consistent with the limited exception to the Eleventh Amendment set forth in Ex Parte Young, 209 U.S. 123 (1908). To be sure, under Young and its progeny, a federal court can generally use its equitable power to curtail an ongoing violation of federal law and "'enjoin state officials to conform their future conduct to the requirements of [that] law.'" Whalen v. Mass. Tr. Ct., 397 F.3d 19, 28-29 (1st Cir. 2005) (quoting Quern v. Jordan, 440 U.S. 332, 337 (1979)). Such relief, though, is unavailable in a situation such as Cote's. Given that Cote is now deceased, any form of prospective injunctive relief available under the statute would be futile because I cannot order that the defendants reinstate Cote or promote him.

To the extent that Cote seeks declaratory relief, he once again runs up against the Eleventh Amendment. The First Circuit has consistently held that plaintiffs cannot rely on declaratory relief as an end run around the Eleventh Amendment or the requirements of Ex Parte Young. See Cotto v. Campbell, 126 F.4th 761, 770 (1st Cir. 2025). Where the only value of a declaratory judgment would be its function as res judicata in future state-court litigation for the purposes of establishing liability, such relief is not

6

permitted. Id. at 772. Because I can see no other use of declaratory relief here nor any pathway for prospective relief more broadly, Cote's claim cannot proceed in equity. Accordingly, I grant the defendants' motion to dismiss the federal claim with prejudice on the grounds that I lack jurisdiction.

**B.    State Law Claims**

In addition to his FMLA claim, Cote seeks relief under two Rhode Island statutes. Much as with cases brought pursuant to federal laws and causes of action, states enjoy immunity from suits in federal court brought pursuant to their own laws absent explicit consent or waiver. See Pennhurst State Sch. & Hosp., 465 U.S. at 121-22. "[I]n order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in federal court." Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985) (emphasis in original).

Federal courts have consistently read state law provisions narrowly to preserve Eleventh Amendment immunity absent clear waiver. See Acevedo Lopez v. Police Dep't of the Commonw. of P.R., 247 F.3d 26, 28 (1st Cir. 2001). They "find waiver only where stated by the most express language or by such overwhelming implications from the text as will leave no room for

7

any other reasonable construction."[5] Edelman v. Jordan, 415 U.S. 651, 673 (1974) (cleaned up). Notably, "a State's consent to suit in its own courts is not a waiver of its immunity from suit in federal court." Sossamon v. Texas, 563 U.S. 277, 285 (2011). In Sossamon v. Texas, the Supreme Court emphasized that a state can subject itself to suit in its own courts without waiving its Eleventh Amendment immunity from suit in federal court. Id.

Accordingly, I must consider whether Rhode Island consented to suit in federal court when it passed the FEPA and WPA statutes. In doing so, I look to each of the relevant state statutes to determine whether Rhode Island has expressly or "by overwhelming implication" consented to suit in federal court. See Edelman, 415 U.S. at 673.

1.   FEPA Claims

Cote brought two claims under the Rhode Island FEPA. Doc. 1 at 14, 15-16. The FEPA, Rhode Island's analogue to the federal employment discrimination protection regime outlined under Title VII, requires that

---

[5]   There are other forms of waiver specified by the courts, as well:

> [A] state can waive its immunity by clear declaration that it intends to submit itself to the jurisdiction of a federal court by participating in a federal program that requires waiver of immunity as an express condition or by affirmative litigation conduct.

Davidson v. Howe, 749 F.3d 21, 28 (1st Cir. 2014) (internal citations omitted). Neither form applies here.

parties first file complaints with the state commission for human rights before seeking judicial enforcement or review. See R.I. Gen. Laws § 28-5-28.

Through the statute, the state expressly extended the protection of its employment discrimination law to those employed by the state, thereby subjecting itself to liability and waiving its immunity from suit in certain contexts. See id. § 28-5-6(9)(i). However, that waiver is, by its own terms, confined to enforcement suits and requests for judicial review brought in the Rhode Island courts. Id. §§ 28-5-28, 28-5-33. The text provides in relevant part:

> Any complainant, intervener, or respondent claiming to be aggrieved by a final order of the commission may obtain judicial review of the order, and the commission or any party may obtain an order of court for enforcement [. . .]. That proceeding shall be brought <u>in the superior court of the state</u> within any county [. . .].

Id. § 28-5-28 (emphasis added). The statute neither mentions nor suggests the feasibility of a suit in federal court. On the contrary, it explicitly provides that "[t]he jurisdiction of the [superior] court shall be exclusive and its judgment and order shall be, when necessary, subject to review by the [state] supreme court [. . .]." Id. §28-5-33.

The U.S. District Court for the District of Rhode Island previously considered this precise statutory language and concluded that claims seeking enforcement of the FEPA against the state could not proceed in federal court. See Langley v. Rhode Island, No. 24-cv-031, 2024 WL 3677801 (D.R.I. Aug. 6,

9

2024). That court noted that the FEPA does not "unequivocally express" the state's consent to suit in federal court by allowing for limited judicial enforcement and review in state courts. Id. at *4. Because I find this analysis persuasive, I agree with the defendants that the state has not waived Eleventh Amendment immunity from suit under the FEPA in federal court.

2. Whistleblower Claims

Cote alleges a retaliation claim under the Rhode Island WPA. Doc. 1 at 16. The Eleventh Amendment similarly serves as a bar to this claim absent a clear waiver. Here, my analysis of waiver in the WPA follows my analysis of FEPA waiver closely: The WPA does contemplate enforcement against the state. R.I. Gen. Laws § 28-50-2(2) (listing the state and its subdivisions as "employers" for the purposes of the WPA). But it also contains a clear and exclusive jurisdictional grant. Rhode Island subjected itself to the exclusive jurisdiction of its own courts for the purposes of WPA liability. Id. § 28-50-4(b). The statute specified that "[a]n action commenced pursuant to [the WPA] may be brought in the superior court" only. Id.

As in the case of the FEPA, this sort of narrow consent to suit in state court does not indicate any sort of generalized waiver of Eleventh Amendment immunity from suit in federal court. See Sossamon, 563 U.S. at 285. Because the WPA lacks the "express language" of waiver or "overwhelming implications from the text," Edelman, 415 U.S. at 673, I

10

cannot presume that Rhode Island waived its immunity from suit in this Court.

### III.   CONCLUSION

For the reasons explained above, I grant defendants' motion to dismiss, see Doc. 23. The federal FMLA claim contained in Count I is dismissed with prejudice. The remaining state law claims (Counts II through IV) are dismissed without prejudice. I deny the defendants' motion to dismiss for failure to substitute the plaintiff, see Doc. 37; Doc. 38, and the plaintiff's motion to extend time, see Doc. 41, as moot. The clerk shall enter judgment in accordance with this memorandum and order and close the case.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge
Sitting by Designation

March 4, 2025

cc:   Counsel of Record